

**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF PENNSYLVANIA**

**THOMAS J. SIDERIO,**
    **PLAINTIFF,**

**VS.**
                           **NO. 15     1313**

**CITY AND COUNTY OF PHILADELPHIA,**
**CHARLES RAMSEY, COMMISSIONER OF**
**PHILADELPHIA POLICE DEPARTMENT,**
**JAMES W. ARENTZEN, PHILADELPHIA**
**POLICE OFFICER, JOHN DOE A,**
**PHILADELPHIA POLICE OFFICER, AND**
**JOHN DOE B, PHILADELPHIA POLICE OFFICER,**
      **DEFENDANTS.**

---

## <u>COMPLAINT</u>

    Plaintiff, Thomas J. Siderio, sues Defendants, City and County of Philadelphia, Charles Ramsey, Philadelphia Police Commissioner, Philadelphia Police Officers James W. Arentzen, John Doe A and John Doe B, and states:

### PARTIES

    1. Thomas J. Siderio is the Plaintiff. At all times relevant to the allegations in this complaint was a resident of the City and County of Philadelphia and a citizen of the United States. He is an adult male currently incarcerated at the Philadelphia Industrial Correctional Center, located at 8301 State Road, Philadlephia, PA 19136.

    2. At all times relevant hereto, Defendant Charles Ramsey was the duly appointed Commissioner of the Philadelphia Police Department. As such he was the commanding officer of Defendants Arentzen, Doe A and Doe B and was responsible for their training, supervision, and conduct. He also was responsible by law for enforcing

the regulations of the Philadelphia Police Department and for ensuring that Philadelphia police personnel obey the laws of the Commonwealth of Pennsylvania and of the United States. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the Defendant City of Philadelphia. He is being sued individually and in his official capacity as Philadelphia Police Commissioner.

3. James W. Arentzen is the Defendant. He is a Philadelphia Police Officer and maitains a professional address at One Police Square, 8th and Race Streets, Philadelphia, PA 19106. At all times relevant hereto, Defendant James W. Arentzen was a police officer employed by the Philadelphia Police Department to perform duties of Defendant the City and County of Philadelphia. At all relevant times, Defendant James W. Arentzen was acting in such capacity as the agent, servant, and employee of the City of Philadelphia. He is being sued in his individual capacity and in his professional capacity as a Philadelphia Police Officer.

4. John Doe A is the Defendant. He is a Philadelphia Police Officer and maitains a professional address at One Police Square, 8th and Race Streets, Philadelphia, PA 19106. At all times relevant hereto, Defendant John Doe A was a police officer employed by the Philadelphia Police Department to perform duties of Defendant the City and County of Philadelphia. At all relevant times, Defendant John Doe A was acting in such capacity as the agent, servant, and employee of the City of Philadelphia. He is being sued in his individual capacity and in his professional capacity as a Philadelphia Police Officer.

5. John Doe B is the Defendant. He is a Philadelphia Police Officer and maitains a professional address at One Police Square, 8th and Race Streets, Philadelphia, PA

2

Philadelphia, PA 19106. At all times relevant hereto, Defendant John Doe B was a police officer employed by the Philadelphia Police Department to perform duties of Defendant the City and County of Philadelphia. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the City of Philadelphia. He is being sued in his individual capacity and in his professional capacity as a Philadelphia Police Officer.

6. The Defendant is the City and County of Philadelphia (hereinafter "City of Philadelphia") a municipal corporation within the Commonwealth of Pennsylvania and, at all relevant times, it employed Defendants Ramsey, Arentzen, Doe A and Doe B.

7. At all times relevant hereto and in all their actions described herein, Defendants Ramsey, Arentzen, Doe A and Doe B were acting under color of law and pursuant to their authority as police personnel.

## JURISDICTION

8. Jurisdiction is invoked pursuant to 28 U.S.C.A. §§ 1343(1) and (3) and 1983, in that the Plaintiff is alleging a right to recover damages for injury and to redress the deprivation, under color of any state law, statute, ordinance, regulation, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing equal rights of citizens or of all persons within the jurisdiction of the United States.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C.A. § 1391, in that the facts giving rise to this action occured in the City and County of Philadelphia.

3

## FACTS

10.  On August 7, 2013, the Plaintiff went to Cruz's Mini-Market at 18th and Mifflin Streets, in the City of Philadelphia with his cousin Leasa McHale, her boyfriend Billy Quibley, and her friend Jessica Russian, to wait for food the Plaintiff had ordered.

11. Without warning or provocation, either Defendant Arentzen, Police Officer, or Defendant Doe A, Police Officer, or Defendant Doe B, Police Officer, exited his patrol car, attempted to grab the Plaintiff by his arm and then either Defendant Arentzen, or Defendant Doe A, or Defendant Doe B began punching the Plaintiff in his face.

12. The Plaintiff could not defend himself, was dazed as a result of the punches and, to keep from falling to the ground, grabbed a railing but fell to the ground anyway.

13. Subsequently, the Plaintiff was placed in handcuffs. While on the ground in handcuffs and helpless, either Defendant Arentzen, or Defendant Doe A, or Defendant Doe B kicked the Plaintiff several times in the groin area.

14. The Plaintiff, who was still on the ground in handcuffs and helpless, was confronted by either Defendant Arentzen, or Defendant Doe A, or Defendant Doe B and struck several times on the rear torso area with a police issued baton, as the Plaintiff screamed, "ouch my dick!" while being kicked.

15. Throughout the entire incident, the Plaintiff was unarmed and had no weapon of any kind.

16. After the beating by Defendant Police Officers Arentzen, Doe A and Doe B, the Plaintiff temporarily lost consciousness as a result of the injuries from both beatings and was transported to Thomas Jefferson University Health System at Methodist Hospital where he was treated.

4

17. As a direct result of the beating, the Plaintiff was injured. The Plaintiff suffered from numerous bruises and contusions to the groin, rear torso area, and face. He suffered and continues to suffer great physical, mental, and emotional pain and distress as a result of this beating.

18. The Plaintiff did not find out until after the beating that Defendant Police Officers Arentzen, Doe A and Doe B were arresting the Plaintiff on a simple assault misdemeanor warrant.

19. Upon information and belief, sometime prior to August 7, 2013, Defendant Commissioner Ramsey promulgated the policy of the Philadelphia Police Department for the use of force to effect a misdemeanor arrest, as set forth in the Philadelphia Police Department Manual, as was the official custom and policy of the Philadelphia Police Department for the use of force on August 7, 2013.

20. The entire incident, inside and outside Cruz's Mini-Market, was caught on video. A cellular phone video captured most of the incident as it occurred outside the store and was posted on YouTube at "Police Brutality in South Philly." Immediately after the beating, the Plaintiff attempted to retrieve the video from the store surveillance cameras; however, Defendant Police Officers Arentzen, Doe A and Doe B confiscated this video before the Plaintiff could obtain it. The store surveillance captured the entire incident as it began outside the store.

## COUNT I

The Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein.

21. Acting under the color of law and the authority of Defendant City of Philadelphia, Defendant Police Officers Arentzen, Doe A and Doe B, intentionally, negligently, and with complete and deliberate indifference for the rights caused the Plaintiff to be deprived of his constitutional rights, including but not limited to those under the sixth and eighth amendments, by:

a. using a degree of force that was unreasonable under the circumstances, and in violation of the Plaintiffs rights to be free of unreasonable, intentional and/or negligent use of force and injury;

b. subjecting the Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments; and

c. depriving the Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth amendment.

22. Defendant Commissioner Ramsey, under the color of law and with complete and deliberate indifference to the Plaintiff's rights, caused the Plaintiff to be deprived of his constitutional rights, including but not limited to those under the sixth and eighth amendments, by:

a. failing to supervise properly the training and conduct of Defendant Police Officers Arentzen, Doe A and Doe B;

b. failing to enforce the laws of Pennslvania, and the provisions of the Constitution of the United States concerning use of force by members of the police force while making an arrest; and

6

c. failing to enforce the rules and procedures promulgated and issued regarding the use of force by Defendant Police Officers Arentzen, Doe A and Doe B; and

d. inadequate supervision of the training and conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

23. The Plaintiff's injuries and deprivations of constitutional rights were proximately caused by Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Police Commissioner Ramsey.

24. Defendant City of Philadelphia, under color of law, intentionally, negligently, and with complete and deliberate indifference for the Plaintiff's rights, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the Philadelphia Police Department and, in particular, by Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Commissioner Ramsey, by failing to:

a. appoint, promote, train and supervise members of the Philadelphia Police Department who would enforce the laws in effect in August 7, 2013 and who would protect the constitutional rights of the people of the City of Philadelphia;

b. require Defendant Police Commissioner Ramsey to promulgate procedures and policies for the use of force for arrests in misdemeanor cases that were consistent with the sixth and eighth amendments of the Constitution; and

c. by permitting the policy and custom of using unreasonable force to exist and to be followed by the Philadelphia Police Department, thereby proximately causing the deprivation of the Plaintiffs rights under the sixth and eighth amendments to the United States Constitution.

7

## COUNT II

The Plaintiff incorporates paragraphs 1 through 24(c) as if fully set forth herein.

25. The above described beating by Defendant Police Officers Arentzen, Doe A and Doe B on the day of August 7, 2013 constitute assault and battery against the Plaintiff under the laws of Pennsylvania.

26. As a direct result of the assault and battery upon his person by Defendant Police Officers Arentzen, Doe A and Doe B, the Plaintiff has suffered physical and severe mental pain and distress.

27. Defendant Commissioner Ramsey negligently caused the above described injuries to the Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

28. Defendant City of Philadelphia negligently caused the above described injuries to the Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

29. Defendant City of Philadelphia, as the employer of Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Commissioner Ramsey is liable under the doctrine of respondeat superior for tortious conduct of the individual Defendants.

## COUNT III

The Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

30. The above described beating by Defendant Police Officers Arentzen, Doe A and Doe B on the day of August 7, 2013, constitute negligence and gross negligence under the laws of Pennsylvania.

8

31. The conduct of Defendant Commissioner Ramsey in failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B constitutes negligence and gross negligence under the laws of Pennsylvania.

32. Defendant City of Philadelphia, as employer of Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Commissioner Ramsey, is liable under the doctrine of respondeat superior for the negligent conduct of the individual Defendants.

**COUNT IV**

The Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

33. Defendant Police Officers Arentzen, Doe A and Doe B negligently and intentionally deprived the Plaintiff of his right to be free from unnecessary and wanton use of force during arrest, by their malicious use of unreasonable and excessive force in striking the Plaintiff several times with their closed fists and feet and a Philadelphia Police Department issued baton.

34. As a direct result of Defendant Police Officers Arentzen, Doe A and Doe B use of excessive and unreasonable force in arresting the Plaintiff, the Plaintiff suffered severe physical and mental pain and distress.

35. Defendant Police Commissioner Ramsey negligently caused the above described injuries by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B by failing to train members of the Philadelphia Police Department to enforce the laws in effect in Pennsylvania and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force by members of the Philadelphia Police Department.

36. Defendant City of Philadelphia negligently caused the above described injuries by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B by failing to train members of the Philadelphia Police Department to enforce the laws in effect in Pennsylvania and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force by members of the Philadelphia Police Department.

37. Defendant City of Philadelphia, as employer of Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Commissioner Ramsey is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

### COUNT V

The Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

38. Defendant Police Officers Arentzen, Doe A and Doe B, in striking the Plaintiff several times with their fists, feet and Philadelphia Police Department issued baton, acted in an extreme and outrageous manner, intentionally and with reckless disregard for the Plaintiff's welfare, inflicted severe and permanent emotional distress.

39. Defendant Police Commissioner Ramsey negligently caused the above described injuries to the Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

40. Defendant City of Philadelphia negligently caused the above described injuries to the Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

10

41. Defendant City of Philadelphia, as employer of Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Commissioner Ramsey, is liable under the doctrine of respondeat superior for the negligent conduct of the individual Defendants.

## COUNT VI

The Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

42. Defendant Police Officers Arentzen, Doe A and Doe B, in struck the Plaintiff several times with their fists, feet and Philadelphia Police Department issued baton negligently inflicted severe and permanent emotional distress on the Plaintiff.

43. Defendant Police Commissioner Ramsey negligently caused the above described injuries to the Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

44. Defendant City of Philadelphia negligently caused the above described injuries to the Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers Arentzen, Doe A and Doe B.

45. Defendant City of Philadelphia, as employer of Defendant Police Officers Arentzen, Doe A and Doe B and Defendant Commissioner Ramsey, is liable under the doctrine of respondeat superior for the negligent conduct of the individual Defendants.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff prays that this Court:

1. Award to the Plaintiff compensatory damages in an amount to be determined at trial, but not less than the amount of $1,000,000.00, jointly and severally, against all Defendants for the matters alleged in this Complaint;

11

2. Award to the Plaintiff punitive damages in an amount to be determined at trial against all Defendants;

3. Award to Plaintiff reasonable costs and attorneys fees;

4. Declaratory and injunctive relief against all Defendants, jointly and severally, to declare that the actions of each Defendant is unconstitutional and violated the Plaintiff's rights secured to him under the United States Constitution and to enjoin the Defendants, jointly and severally, from violating the rights of the Plaintiff or any other individual similarly situated.

5. Grant such other and further relief as this Court deem just and proper.

Respectfully submitted,

Thomas J. Siderio PP# 1027373
PICC
8301 State Road
Philadelphia, PA 19136

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands trial by jury in this action for all issues so triable.

Respectfully submitted,

Thomas J. Siderio PP# 1027373
PICC
8301 State Road
Philadelphia, PA 19136

## OATH

Under penalty of Perjury, I hereby declare that the facts contained in this Complaint are true and correct.

Respectfully submitted,

Thomas J. Siderio PP# 1027373
PICC
8301 State Road
Philadelphia, PA 19136